UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELSON DEBARRROS,
        Plaintiff,

v.                                                  CIVIL ACTION NO. 18-cv-11119-ADB

SUPREME JUDICIAL COURT OF THE
COMMONWEALTH OF MASSACHUSETTS,
HONORABLE RALPH D. GANTS, HONORABLE
BARBARA A. LENK, HONORABLE FRANK M.
GAZIANO, HONORABLE DAVID A. LOWY,
HONORABLE KIMBERLY S. BUDD, HONORABLE
ELSPETH B. CYPHER, and HONORABLE
SCOTT L. KAFKER,
        Defendants.

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction, and deny the motion to proceed *in forma pauperis* without prejudice.

I.    Background

Plaintiff Elson Debarros, through counsel, brings this action against the Supreme Judicial Court and its Justices seeking to have the Supreme Judicial Court reverse its dismissal of the Debarros's appeal as moot and address the merits of the appeal on the trial court's denial and Single Justice's affirmance of the denial of Debarros's motion to dismiss for insufficient evidence. According to the complaint, Debarros has a "rare form of erectile dysfunction" and his attempt to "advocate for better medical treatment…resulted in…[Debarros]…being being criminally charged for alleged inappropriate conduct within a medical office." Compl. ¶22. In August 2017, Debarros was tried in state court "on the charge of accosting and annoying a person of the opposite sex….[pursuant to]…G. L. c. 272, § 53." Debarros v. Commonwealth, No. SJC-12423, 2018 WL

2341532, at *1 (Mass. May 24, 2018); Compl. ⁋25. "The jury were unable to reach a unanimous verdict, and the judge declared a mistrial." Id. "Debarros moved to dismiss on the ground that the evidence was insufficient to warrant a conviction." Id. "That motion was denied, and Debarros's G. L. c. 211, § 3, petition sought relief from that denial." Id. "Shortly after the single justice denied relief, the criminal charge was dismissed for lack of prosecution." Id. The Commonwealth moved to dismiss the appeal as moot and on May 24, 2018, the Supreme Judicial Court granted the motion and dismissed the appeal as moot. Id.

Debarros now seeks injunctive relief and a declaratory judgment requiring the Supreme Judicial Court to review the merits of the appeal. Even though Debarros claims that the Supreme Judicial Court's decision was correct, he also claims that as a result of the judgment of the appeal being moot, he was deprived of a review of the denial of his motion to dismiss the indictment on sufficiency of evidence grounds. Debarros claims that the Commonwealth, which moved for dismissal is, somehow, now "unfairly placed at the prospect of having to chose (sic) whether to re-file or not this complaint in the future." Compl. ⁋34. As an example, Debarros presents an apparent hypothetical that other medical providers might come forward, alleging similar conduct resulting in "no closure for…[Debarros]..., and a possibility for things to get unnecessarily complicated for the prosecution." Compl. ⁋34. He asks this Court to order the Supreme Judicial Court to review the dismissed appeal on the merits. Along with his complaint, Debarros filed a motion to proceed *in forma pauperis*.

II. Discussion

    A. Debarros's Motion to Proceed In Forma Pauperis.

Debarros's motion to proceed *in forma pauperis* is DENIED without prejudice because he has not included an affidavit as required by 28 U.S.C. §1915(a).

B.     The Court Is Without Subject Matter Jurisdiction.

This Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction, McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). Here, the Court finds that it has no subject matter jurisdiction under the Rooker-Feldman doctrine. D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The Rooker–Feldman doctrine—with certain exceptions (*e.g.,* habeas corpus)—precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir.2003). "[T]he doctrine is widely used by the federal court to prevent end-runs around state judgments." Id. It "is properly applied where, regardless of how the claim is phrased, the only real injury to…[Plaintiff]… is ultimately still caused by a state-court judgment." DuLaurence v. Telegen, 94 F. Supp. 3d 73, 80 (D. Mass. 2015), aff'd sub nom. Dulaurence v. Telegen et al. (May 5, 2015)(citations and quotations omitted.). "First Circuit precedent is clear that a claim need not directly assert that it is attempting to appeal or attack a state court decision in order to fall within the scope of the Rooker–Feldman doctrine." Id. Here, no matter how creatively Debarros couches his claims as not seeking review of the dismissal of his appeal, he is clearly trying to get such a review.   That is, to provide the relief requested by Debarros, this Court would have to reverse the Supreme Judicial Court's dismissal of the appeal, and its holding that the appeal was moot, and then direct the Supreme Judicial Court to decide the merits of whether the Single Justice was correct in affirming that denial of Debarros's motion to dismiss for insufficient evidence.  While Debarros may be disappointed that his appeal was dismissed as moot because the criminal charges were dismissed, his avenue of appeal, if any, was to the Supreme Court, and not to this Court.

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction based upon the Rooker-Feldman doctrine.

Further, even if Rooker-Feldman did not apply, there is no case or controversy before the Court. U.S. Const. art. III, § 2, cl. 1. The Constitution "gives the judiciary power to hear only 'Cases' and 'Controversies.'" Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.), 261 F. Supp. 3d 99, 103 (D. Mass. 2017); U.S. Const. art. III, § 2. In the context of a "double jeopardy" claim, the First Circuit has held that the mere possibility of a criminal claim being reinstated is insufficient to present a case or controversy:

> Until it becomes evident that the government is attempting to encroach on appellants' right to be free from double jeopardy, there is no case or controversy that can be brought before this court. We are not about to set ourselves up as Friday afternoon quarterbacks.

Benson v. Superior Court Dep't of Trial Court of Mass., 663 F.2d 355, 360 (1st Cir. 1981). The mere possibility of criminal charges being reinstated is insufficient to present a case or controversy. See Piskanin v. Krysevig, 349 F. App'x 683, 685 (3d Cir. 2009)(holding the possibility that the state "will at some point in the future reinstate charges is 'so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power.'")(quoting Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir.2009)). Here, Debarros acknowledges that there are no criminal charges pending against him. Rather, he is apparently concerned that the same criminal charges might be brought against him in the future. Such a claim is entirely speculative and does not present a case or controversy.[1]

---

[1] Although not dispositive, the Court notes that Debarros fails to mention a letter filed by the Commonwealth with the Supreme Judicial Court in the underlying appeal, representing that it "has no intention of refiling charges or otherwise going forward" with the dismissed action. See Debarros v. Com., SJC-12423, November 20, 2018 Letter from A.D.A Hallie White Speight, Paper #8.

Accordingly, the Court either has no jurisdiction under Rooker-Feldman doctrine, or there is no case or controversy under Article III.  Either way, the action is dismissed without prejudice.

III.	Conclusion

For the foregoing reasons,

1.	Debarros's motion to proceed *in forma pauperis* is DENIED without prejudice.

2.	The action is DISMISSED without prejudice for lack of subject matter jurisdiction.

3.	The Clerk shall issue an order dismissing this action.

So Ordered.

Dated:  June 7, 2018

/s/ Allison D. Burroughs
United States District Judge